IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **LINDBERG PRESCOTT,** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | NO.  5:05-CV-347 (CAR) |
| | : | |
| **GEORGIA DEPARTMENT OF** | : | |
| **CORRECTIONS, CURTIS JOHNSON,** | : | |
| **WILLIE HOLLIE, TODD TRIPP,** | : | |
| **WILCOX STATE PRISON,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| Defendants | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

# ORDER AND RECOMMENDATION OF DISMISSAL

*Pro se* prisoner plaintiff **LINDBERG PRESCOTT,** presently confined at Coffee Correctional Facility in Nicholls, Georgia, has filed the above-styled complaint pursuant to 42 U.S.C. § 1983.  Plaintiff seeks leave to proceed without pre-payment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.  Based on plaintiff's submissions, the court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4).

## I. STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Because plaintiff sought leave to proceed *in forma pauperis*, the court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2).

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions

thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations.  *Id.* at 327;  *See also* ***Clark v. Georgia Pardons & Paroles Bd.,*** 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### *B. General Requirements of 42 U.S.C. § 1983*

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, he must allege that the act or omission was committed by a person acting under color of state law.  ***Parratt v. Taylor***, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in the complaint that he discovered that his ring was missing from a locker in his cell following a search of the cell.[1]  Plaintiff states that he filed a grievance on March 11, 2004. Plaintiff further states that he filed a claim with the Georgia Department of Administrative Services in accordance with Georgia state law.  Plaintiff seeks restitution for the value of the ring and damages for negligence, hardship and pain and suffering. Plaintiff also seeks punitive damages.[2]

---

[1] Plaintiff states that he was removed from the cell after complaining about an inoperable toilet.

[2] Although plaintiff Prescott in a sworn affidavit attached to his Statement of Claim alludes to other circumstances surrounding the loss of his ring and the inoperable toilet, his allegations as presented appear to involve only these two matters.

## III. RECOMMENDATION OF DISMISSAL

### A. *Defendants Georgia Department of Corrections ("GDOC") and Wilcox State Prison*

A plaintiff proceeding under § 1983 is limited with respect to whom he may sue.  A state and its agencies are not "persons" who may be sued under § 1983.[3]  ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment bars a plaintiff's § 1983 action against the State of Georgia and the GDOC for both monetary damages and injunctive relief.  ***Stevens v. Gay***, 864 F.2d 113, 114-15 (11th Cir. 1989); ***Miller v. King***, 384 F.3d 1248, 1259-60 (11th Cir. 2004).  Because the Georgia Department of Corrections and Wilcox State Prison are agencies of the state, they are not "persons" who may be sued under § 1983.

For these reasons the GDOC and Wilcox State Prison must be dismissed from this action.  It is so **RECOMMENDED**.

### B. *Deprivation of Property Claim*

The crux of plaintiff's deprivation of property claim is that defendants were negligent in failing to follow operating procedures that required them to "secure [plaintiff's] state and personal property, search it for contraband, inventory said property, allow plaintiff to view [the] inventory sheet and sign it, then issue plaintiff a true and complete copy of that inventory sheet."

Mere negligence by prison officials may state a claim under state law but is insufficient to establish a constitutional violation.  ***Daniels v. Williams,*** 474 U.S. 327, 333 (l986). Thus, plaintiff's allegations do not state a constitutional violation under § 1983.  The undersigned **RECOMMENDS** that plaintiff's claim of negligent deprivation of property be **DISMISSED**.  It is further **RECOMMENDED** that defendants Curtis Johnson, Willie Hollie and Todd Tripp be **DISMISSED** as parties herein because there are no remaining claims against them.

---

[3] 42 U.S.C. § 1983 provides in part:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress (Emphasis added)

### *C. Claim Against Defendant C.O. II WALKER*

Finally, plaintiff claims that his placement by C.O. II Walker in a cell/room with a broken toilet containing human waste was cruel and unusual punishment.  However, plaintiff's complaint alleges but a single incident wherein he was forced to endure what admittedly was a most unpleasant twenty-four hours. In the view of the undersigned, such does not rise to the level of a constitutional violation which is actionable under Section 1983.  Accordingly, IT IS RECOMMENDED that this complaint against defendant Walker be DISMISSED.

Pursuant to 28  U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED, this 7th day of OCTOBER, 2005.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE