IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LINDBERG PRESCOTT,<br><br>                Plaintiff<br><br>VS.<br><br>WILLIE HOLLIE, *et al.*,<br><br>                Defendants | NO. 5:05-CV-347 (CAR)<br><br><br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

The parties in the above-styled civil rights lawsuit have filed cross-motions for summary judgment. Defendant WILLIE HOLLIE at Tab #20; plaintiff LINDBERG PRESCOTT at Tab #29. The parties have both responded to their opponents' motions. HOLLIE at Tab #31; PRESCOTT at Tab #26. Also in the record are the deposition of PRESCOTT and a number of affidavits and exhibits attached to the defendants' Response to the plaintiff's motion.

The only claim remaining in this case deals with the allegations of the plaintiff, an inmate in the custody of the Georgia Department of Corrections, that the defendant, a prison guard supervisor, used or caused others to use excessive force on the plaintiff in violation of his Eighth Amendment right to be free of cruel and unusual punishment.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* ***Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc***., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc***., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## FACTS

The pertinent facts appear to be undisputed: After receiving a disciplinary report for insubordination, PRESCOTT was put in involuntary isolation. Upon being put in the isolation cell, he noticed that the toilet was full of urine and feces, and an attempt to flush the toilet proved that it was in fact clogged. The plaintiff brought the malfunctioning toilet to the attention of the guard on duty who said he would call maintenance to have it repaired. After a shift change with no action on behalf of maintenance, PRESCOTT brought the clogged toilet to the attention of the new staff on duty who advised him that maintenance had been called.

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

When maintenance arrived, prison guards, at the bequest of HOLLIE, put handcuffs on PRESCOTT's wrists very tightly through the cell door. Once the plaintiff was out of the cell, the guards lifted his arms so as to make him walk crouched over to a cage in an outdoor courtyard area. The plaintiff pleaded with the guards to loosen the cuffs around his wrists, but it was not until an hour later that anyone actually loosened them. As a result of the cuffing, the plaintiff experienced pain and discomfort, and suffered bruising and/or cuts on his wrists.

## DISCUSSION

The Eleventh Circuit has held that, "[p]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." ***Rodriguez v. Farrell***, 280 F.3d 1341, 1351 (11th Cir. 2002). PRESCOTT has alleged that he suffered injuries as a result of his handcuffing, including scarring that lasted more than two years after the incident (Deposition of Lindberg Prescott, Tab #23 at 35). However, he has provided no medical evidence of such scarring, and in fact, the defendant has provided some prison medical records that indicate that there was no such mark in the days and months after the incident.[2]

Moreover, even if PRESCOTT could demonstrate that he suffered scarring from the handcuffs, he does not allege any ongoing pain or disability as a result of the handcuffing, and he concedes that he was never given any medical treatment for his wrists. Such injuries are minimal; therefore, the handcuffing cannot be said to constitute excessive force.

Based on the above finding that the plaintiff's Eighth Amendment rights were not violated, the defendant is also entitled to qualified immunity.[3]

---

[2] Plaintiff has similarly not provided any medical evidence that the scars to which he refers came as a result of that particular incident, as opposed to another instance of handcuffing or some other event.

[3] It is worth noting that even if the handcuffing had constituted excessive force, the plaintiff has not provided sufficient evidence that defendant HOLLIE was in fact personally responsible for the CERT officers' actions, which is necessary in a §1983 claim. ***Geobert v. Lee County***, 510 F.3d 1312, 1331 (11th Cir.2007).

**CONCLUSION**

Accordingly, IT IS RECOMMENDED that the defendant's Motion for Summary Judgment be **GRANTED** and that the plaintiff's Motion for Summary Judgment be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 9th day of MAY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE